## STATE v. CITY OF SEBRING.

189 So. 702
Division A
Opinion Filed June 6, 1939

*L. Grady Burton,* for Appellant;

*Joe D. Kinsey,* for Appellee.

TERRELL, C. J.—The City of Sebring has outstanding a bonded indebtedness aggregating $2,818,000.00 principal

and $1,400,372.50 interest. All of the interest and more than half the principal is past due. Consent of sufficient of the creditors was secured and bankruptcy proceedings were filed under the Wilcox Municipal Bankruptcy Act.

On August 12, 1938, a resolution was adopted by the City Council authorizing a refunding of the bonded indebtedness of the City subject to a referendum to the freeholders for approval of the plan including the proposed refunding bonds. The referendum was duly held and resulted in approval of the refunding bonds.

Proceedings were filed in the United States District Court for the Southern District of Florida for composition of the debts of Sebring as provided by the resolution and Sections 81, 82, 83, and 84 of Chapter 9 of the Acts of Congress relating to bankruptcy. Decree of the United States District Court approving the plan of refunding was accordingly entered March 24, 1939.

On March 28, 1939, pursuant to Chapter 15772, Acts of 1931, the City of Sebring presented its petition to the Circuit Court setting up the adoption of the resolution of August 12, 1938, the approval of the same by the freeholders of the City and praying that the refunding obligations therein detailed be validated and confirmed by the Court. A copy of the resolution was attached to and by apt words, was made a part of the petition.

It is shown by the petition that the City proposes to refund the principal of its outstanding indebtedness including the principal of the bonds reduced to judgment by issuing in exchange for each of such bonds a refunding bond in the principal amount of one-half the principal of the bond thereby refunded, to which there shall be annexed a default certificate of a par value equal to the par value of the bond to which annexed. The City also proposes to refund the interest on its outstanding bonds accrued to September 1,

1938, including accrued interest reduced to judgment by issuing in exchange for such interest claims, certificates of indebtedness of a par value equal to one-half of the interest claims to be refunded. The refunding bonds, default certificates, and certificates of indebtedness are required to conform to the terms and descriptions of such instruments set out in the resolution of August 12 and in the bill of complaint.

An order to show cause why the refunding bonds should not be validated and confirmed was promulgated and in response thereto, the State Attorney filed his answer in which he denied that the resolution was duly adopted, that the City was indebted as claimed and that it was obligated to levy taxes as prescribed by the refunding resolution. The answer also raised other points of law and fact in resistence to the validation of the refunding obligations but they are not material. At the trial on the issues so made, the trial court on April 24, 1939, entered its decree validating and confirming the refunding obligations in the manner and form proposed. The State has appealed from that decree.

Out of the facts and pleadings thus detailed, eight questions are urged for reversal. They challenge the legality of and due adoption of the resolution of August 12, 1938, the validity of the refunding bonds, default certificates and certificates of indebtedness, the power of the City to levy taxes on all the taxable property of the City, including homesteads to meet the principal and interest of said refunding bonds, default certificates, and certificates of indebtedness, and the covenants made by the City to enforce the payment of taxes for the redemption of said refunding bonds, default certificates, and certificates of indebtedness.

We have examined the resolution, the form of the re-

funding bonds, the default certificates, and certificates of indebtedness as exemplified in the bill of complaint and find all of them to be regular and to have been regularly adopted. We have also examined every question raised challenging their sufficiency and regularity and we find them to be without merit. All proceedings had and taken in connection with the execution of the refunding bonds, default certificates, and certificates of indebtedness have been legal and regular. No error whatever is made to appear in the proceedings below so the judgment appealed from is affirmed.

Affirmed.

BUFORD and THOMAS, J. J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.